UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XU LI and BRIGHT LIFE INTERNATIONAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Defendants. | CASE NO. 2:23-cv-01931-MJP <br><br> ORDER |

This matter comes before the Court on Defendants' Status Update (Dkt. No. 30.) The Plaintiffs in this dispute are both Dr. Li Xu, in his individual capacity, and Bright Life International, Inc., a Washington corporation. However, neither Plaintiff is currently represented by legal counsel. (See Order Granting Withdrawal (Dkt. No. 29).) Defendants now say that Plaintiff has "informed [Defendants] that Plaintiffs intend to proceed without counsel in this case," and will "need additional time to prepare." (Dkt. No. 30 at 2.) Defendants do not object to extending the stay in this matter by 30 days to accommodate Plaintiffs' request. (Id.)

ORDER - 1

|   |   |
|---|---|
| 1 | This Order addresses two concerns presented by the status report. The first concern is the matter of Plaintiff Bright Life's legal representation. Despite its ambitions, Bright Life cannot proceed without legal counsel in this matter because it is a corporation who "may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (citing Osborn v. President of Bank of United States, 9 Wheat. 738, 829 (1824)); see also Sundby v. Marquee Funding Grp., Inc., No. 21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("the rule that artificial entities must have licensed counsel protects the integrity and functioning of the federal courts"). Accordingly, substitute counsel for Plaintiff Bright Life must appear in this matter within 30 days from the date of this Order. Should no such appearance be made, the Court will dismiss Bright Life's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). The same does not apply to Plaintiff Xu Li, who, as an individual, may represent himself pro se. |


1  This Order addresses two concerns presented by the status report. The first concern is the
2  matter of Plaintiff Bright Life's legal representation. Despite its ambitions, Bright Life cannot
3  proceed without legal counsel in this matter because it is a corporation who "may appear in the
4  federal courts only through licensed counsel." Rowland v. California Men's Colony, Unit II
5  Men's Advisory Council, 506 U.S. 194, 202 (1993) (citing Osborn v. President of Bank of
6  United States, 9 Wheat. 738, 829 (1824)); see also Sundby v. Marquee Funding Grp., Inc., No.
7  21-55504, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022) ("the rule that artificial entities must
8  have licensed counsel protects the integrity and functioning of the federal courts"). Accordingly,
9  substitute counsel for Plaintiff Bright Life must appear in this matter within 30 days from the
10 date of this Order. Should no such appearance be made, the Court will dismiss Bright Life's
11 claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). The same does not
12 apply to Plaintiff Xu Li, who, as an individual, may represent himself pro se.

13  The second concern is the lingering nature of the dispute. A 30-day extension would be
14 the fifth stay in this matter, which has been held in abeyance since April 2024 to allow Plaintiffs
15 to file a new Form I-140, Petition for Alien Worker. (See Dkt. Nos. 16, 21, 24, 26.) It is now
16 time for Plaintiffs to move their case forward. Accordingly, within 60 days of this Order, the
17 remaining Plaintiffs must either (1) submit the new File I-140 application and provide the Court
18 with evidence of the submission via a sworn affidavit; or (2) show good cause as to why they
19 have failed to submit the application for months despite multiple continuances and assurances
20 that the submission would be forthcoming.

21  In conclusion, Plaintiff Bright Life must retain substitute legal counsel within 30 days from
22 the date of this Order. Further, within 60 days of this Order, Plaintiffs must either (1) submit the

new File I-140 application and provide the Court with evidence of the submission via a sworn affidavit; or (2) show good cause as to why the application remains forthcoming.

The clerk is ordered to provide copies of this order to all counsel and to the Plaintiffs at the addresses listed at Dkt. No. 29.

Dated September 11, 2025.

Marsha J. Pechman
United States Senior District Judge

ORDER - 3